**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS BRICE JORDAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1660 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Douglas Brice Jordan.

On June 7, 2002, Jordan was sentenced to four concurrent 37-month terms of imprisonment to be followed by concurrent terms of 3 years of supervised release. United States v. Jordan, Case No. 4:02-CR-24-CEJ (E.D. Mo. 2002). Jordan's term of supervised release commenced on August 31, 2004. On January 18, 2005, a petition for revocation was filed, and an arrest warrant was issued. On September 8, 2005, the petition for revocation was amended to include new violations.

Jordan was arrested on April 14, 2005, by Georgia officials on charges of first-degree forgery.[1]  After pleading guilty, on May 31, 2005, Jordan was sentenced in the Douglas County, Georgia Superior Court to concurrent 10-year terms of imprisonment.

On October 9, 2003, Jordan filed a § 2255 motion to vacate, asserting that the sentence he received violated the Sentencing Guidelines and that he was denied effective assistance of counsel.  Jordan v. United States, Case No. 4:03-CV-1456-CEJ (E.D.Mo.).  The motion was denied on January 13, 2004, and the appeal was subsequently dismissed.  Id.

In the instant motion, Jordan asserts that his arrest in Georgia was made pursuant to the warrant issued in connection with supervised release revocation proceedings pending in this Court.  He claims that he has been denied a prompt supervised release revocation hearing pursuant to Fed. R. Crim. P. 32.1.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion.  Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief . . ."  Rule 4 of the Rules Governing § 2255 Proceedings.  As noted above, Jordan previously filed a motion to vacate that was

---

[1]Jordan's arrest and conviction in Georgia were included in the September 8, 2005, amended petition as additional grounds for revocation.

denied by the Court. Before filing a second or successive motion, Jordan must first obtain certification from the United States Court of Appeals for the Eighth Circuit. See 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ."). Because no such certification has been obtained, the instant motion must be dismissed. It is evident from the motion that Jordan's complaint concerns the timeliness of the supervised release revocation proceedings. If Jordan wishes to assert the claim that he has been denied a prompt revocation hearing as required by Fed. R. Crim. P. 32.1, then he may do so by filing a motion to dismiss the revocation proceedings. Any such motion, must be filed in the criminal case (Case No. 4:02-CR-24-CEJ).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Douglas Brice Jordan is **denied**.

Dated this 7th day of November, 2007.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE